

11/03/2014

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE:<br><br>**David Alan Husted, Jr.**<br>xxx-xx-0694<br>3422 Gold Candle Drive<br>Spring, TX 77388<br><br>**Sally Irene Husted**<br>xxx-xx-0889<br>232 Forest Meadow Drive<br>Gunter, TX 75058<br><br>**DEBTORS** | Case No.  11-41903-R<br><br><br><br><br><br><br><br>Chapter 13 |

ORDER MODIFYING AND CONFIRMING
MODIFIED CHAPTER 13 PLAN
AND RELATED ORDERS

    Came on for consideration the Motion of the Debtors in the above numbered and styled Chapter 13 case for an order modifying and confirming their Chapter 13 plan of reorganization.    After considering the pleadings filed herein, including all objections to confirmation of the plan, if any, and the arguments of counsel, if any, the Court finds as follows:

1. Written notice of the Meeting of Creditors held pursuant to 11 U.S.C. §341 and of the hearing on the confirmation of the Debtors' Chapter 13 Plan was given as required by Bankruptcy Rule 2002.

2. All scheduled creditors and parties in interest have been served with a copy of the Debtors' Plan, or a summary thereof in accordance with Bankruptcy Rule 3015.

3. The Chapter 13 Plan as presented for confirmation (hereinafter referred to as "the Plan") complies with the provisions of Chapter 13 of Title 11 of the United States Code and the other applicable provisions of this title.

4. With respect to each allowed secured claim provided for by the Plan, the holder of such claim either accepted or was deemed to have accepted the Plan or, in the alternative:

    a. The Plan provides that the holder of such claim retain the lien securing such claim; and
    b. The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of such claim is not less than the allowed amount of such claims; or
    c. The Debtor(s) have surrendered or abandoned the collateral securing the claim; or
    d. The treatment of the claim complies with 11 U.S.C. §1322(b).

IT IS THEREFORE ORDERED THAT:

1. The Debtors' Chapter 13 Plan, as modified by this Order, is confirmed.

2. The Debtors shall, beginning July 20, 2011, pay the sum of $715.00 per month, plus application of the Debtors' 2011 federal income tax refund of $6,003.00, for forty-three (43) months. Thereafter, beginning February 20, 2015, Debtors shall pay the sum of $1,065.00 per month for seventeen (17) months.   Debtors shall pay a total of $54,853.00 to Janna Countryman, Standing Chapter 13 Trustee, until all of the allowed claims provided for under the Plan have been paid in accordance with the terms of the Plan, of this Order, or until further Order of the Court.   This plan shall be for a term of sixty (60) months.   The Debtors shall, in addition to the monthly installment payments set forth above, contribute any income tax refunds received during the term of their plan to the repayment of creditors of the estate.   All payments due to the Standing Chapter 13 Trustee shall be remitted to the following address:

    Janna Countryman
    Standing Chapter 13 Trustee
    P.O. Box 628
    Tyler, TX 75710

3. The Trustee shall make disbursements pursuant to the provisions of the Plan and of 11 U.S.C. §1326, and shall pay only such claims which have been allowed by the Court.   The Trustee shall make such disbursements monthly, unless otherwise provided in the Plan, but shall not be required to pay any dividend in any amount less than $15.00 and dividends not distributed because of this provision shall accumulate and be paid when such accumulation aggregates $15.00 or more.

4. The Debtor(s) shall not incur additional debt during the term of this Plan except upon written approval of the Trustee or after such notice and/or hearing(s) as the Court deems appropriate. Failure to obtain such approval may cause the claim for such debt to be unallowable and non-dischargeable.

5. The order of payment, unless otherwise directed, shall be:

    a. The percentage fee fixed for the Trustee pursuant to 11 U.S.C. §1302(3).
    b. Any unpaid claim of the kind specified in 11 U.S.C. §507(a).
    c. Creditors whose claims are timely filed and allowed in such amount and order of preference as may be provided in the Plan or as may be required to provide adequate protection of the interest of any entity with an interest in the property of the estate as ordered by the Court, or as deemed necessary within the discretion of the Trustee.

6. The following Priority, Administrative, Debtor(s) Attorney Fee, and Specially Classified claims are know to the Court at this time and are allowed as follows:

| Creditor | Principal to be Paid | Months | Total to be Paid |
|---|---|---|---|
| Merv Waage | $2,000.00 | First Available Funds (Pre-Confirmation) | $2,000.00 |
| DeMarco·Mitchell, PLLC | $650.00 | First Available Funds (Post-Confirmation, 2nd MOD) | $650.00 |
| DeMarco·Mitchell, PLLC | $650.00 | First Available Funds (Post-Confirmation, 3rd MOD) | $650.00 |

The attorney fees of $0.00 (if any) for this Motion to Modify, paid by Debtors to DeMarco·Mitchell, PLLC and deposited in the firm's trust account, may be withdrawn from said trust account in payment of the balance of the attorney's fees.

7. The creditors set forth below have a claim secured by a lien on the collateral shown and the claim of each such creditor is secured to the extent of the fair market value of such property.   After considering the evidence, the Court finds and determines that the value of such creditor's interest in such collateral is as set forth herein and the fair market value set forth herein is binding as to each creditor.   Pursuant to 11 U.S.C. §1325(a)(5)(B)(i) the holder of any allowed secured claim shall retain its lien securing the underlying debt until the earlier of the payment of the underlying debt as determined under nonbankruptcy law or the granting of a discharge under section 1328 of the Bankruptcy Code.   At such time, each such creditor shall immediately execute and deliver any and all necessary documents to effectuate release of such lien and delivery of an    unencumbered title to the Debtor(s).

| Creditor | Collateral Description | Fair Market Value |
|---|---|---|
| NONE | | |

In the case of each secured creditor listed in this paragraph, the allowed amount or each creditor's secured claim is the fair market value set forth herein.

8. The following secured claims are known to the Court at this time and are allowed as follows:

| Creditor | Principal to be Paid | Int. Rate | Monthly Payment | Months | Total to be Paid |
|---|---|---|---|---|---|
| Property Owners Association of Hidden Lakes Ranch | $1,192.00 | 5.00% | Pro-Rata | 39-60 | $1,250.04 |

9. The secured creditor(s) listed below held a non-possessory, non-purchase money security interest or other lien encumbering Debtors' exempt property.  The creditor(s) lien(s) will be voided pursuant to 11 U.S.C. §522(f) and the creditor(s) claim(s) treated as unsecured and paid pursuant to the terms of paragraph 13 below.

   | Creditor | Collateral Description | Claim |
   |---|---|---|
   | NONE | | |

10. The Debtors, in lieu of the Trustee, shall make disbursements on the following portions of Secured Claims dealt with in the Plan under 11 U.S.C. §1322(b)(5):

    | Creditor | Remarks |
    |---|---|
    | BAC Home Loan Servicing | Mortgage on homestead located at 232 Forest Meadow Drive, Gunter, TX 75058 |
    | Chase Auto Finance | 2009 Ford Fusion |
    | Gunter ISD | Ad valorem taxes on homestead located at 232 Forest Meadow Drive, Gunter, TX 75058 |
    | Property Owners Association of Hidden Lakes Ranch | Homeowner's assessments (annual and/or special) on homestead located at 232 Forest Meadow Drive, Gunter, TX 75058 |

11. The following secured claims are not dealt with in this Plan and are not being paid directly by the Debtors under the terms of said Plan.  Therefore, upon confirmation of the Debtors' Chapter 13 Plan, the automatic stay provisions of 11 U.S.C. §362 will be terminated and annulled with respect to each of the following claims:

    | Creditor | Collateral to be Surrendered |
    |---|---|
    | Property Owners Assoc. of Hidden Lakes Ranch | Lot 20R, on Mallard Court, Gunter, Texas |
    | BAC Home Loans Servicing | Lot 20R, on Mallard Court, Gunter, Texas |
    | Grayson County | Lot 20R, on Mallard Court, Gunter, Texas |

    The automatic stay provisions of 11 U.S.C. §362 remain in effect as to the Debtors.

12. All executory contracts and/or leases of the Debtors will be assumed unless specifically rejected herein.  The following executory contracts and/or leases are REJECTED as indicated below:

Rejected Executory Contract(s)/Lease(s)

NONE

13. All funds remaining after payment of the allowed secured, priority, administrative and Debtor(s) attorney fee claims specifically provided for in the Debtor(s) Chapter 13 Plan hereby confirmed shall be distributed Pro-Rata among the unsecured creditors whose claims have been duly filed and allowed.

    The foregoing provisions regarding secured and priority claims are based upon claims that have been filed or otherwise disclosed to the Court as of this date. The Court retains jurisdiction to review this Order upon the request of any interested party if additional claims are filed and allowed subsequent to the entry of this Order, which would render inaccurate the Court's findings.

14. The attorney's fees requested by counsel for the Debtors in connection with the filing of this Motion to Modify Chapter 13 Plan Post-Confirmation are reasonable, necessary, and of benefit to the estate. Said attorney's fees are hereby approved and granted in the total amount of $650.00.

15. **Pay Direct Taxes.** Unless otherwise specified in the Plan, all applicable City, County, ISD and/or CED tax(es) specifically including any ad valorem tax(es) for the calendar year in which this bankruptcy was filed that are not otherwise provided for in this plan shall be paid direct. The Debtor will timely pay the 2011 taxes directly, unless otherwise specified in the Plan, or the automatic stay of §362 will lift as to all taxes due on the Debtor's said property.

16. **Lot 20R on Mallard Court, Gunter, Texas**. Lot 20R on Mallard Court, Gunter, Texas is surrendered to BAC Home Loans Servicing, POA of Hidden Lakes Ranch/Principal Management Group, and Grayson County Gunter School and Grayson College Taxes in lieu of and in full satisfaction of all debt related to this property.

17. **Staggered Plan Payment Provisions**. Payments due under the Plan increase in month forty-four (44) following the payment in full of the Debtors' installment auto note obligation to Chase Auto Finance.

18. **Provisions Regarding the Debtors' Post-petition Claim Against The Roman Catholic Church in the State of Hawaii, a.k.a. The Roman Catholic Diocese of Honolulu; the Diocese of Buffalo, N.Y.; Southern Tier Catholic School Archbishop Walsh Academy; The Southdown Institute; James A. Spielman; and Doe Defendants 1-10.** Debtors shall not receive a discharge in this case unless, in addition to the monthly payments called for by this Order, or by any subsequent modified Order entered by the Court, the Debtors shall submit such portion of the proceeds of the claim of Mr. Husted's against the parties referenced above as are determined by

subsequent Order of this Court to be a non-exempt asset of the bankruptcy estate or disposable income of the Debtors as defined by 11 U.S.C. section 1325(b)(2).

Signed on 11/03/2014

*Brenda T. Rhoades*    SD

HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE