

EOD
01/04/2017

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| IN RE:<br><br>**David Alan Husted, Jr.**<br>xxx-xx-0694<br>3422 Gold Candle Drive<br>Spring, TX 77388<br><br>**Sally Irene Husted**<br>xxx-xx-0889<br>232 Forest Meadow Drive<br>Gunter, TX 75058<br><br>**Debtors** | Case No.      11-41903-R<br><br><br><br><br>Chapter        13 |
|---|---|

**ORDER GRANTING DEBTORS' APPLICATION TO APPROVE
SETTLEMENT OF PERSONAL INJURY CLAIM NUNC PRO TUNC**

On November 28, 2016, David Alan Husted, Jr. and Sally Irene Husted (hereinafter "Debtors") filed their *Debtors' Application to Approve Settlement of Personal Injury Claim Nunc Pro Tunc* (the "Application") in the above-referenced case. The Court finds that the Motion was properly served pursuant to the Federal and Local Rule of Bankruptcy Procedure and that it contained the appropriate twenty-one (21)-day negative notice language, pursuant to LBR 9007, which directed any party opposed to the granting of the relief sought by the Application to file a written response within twenty-one days or the Application would be deemed by the Court to be unopposed. The Court finds that no objection or other written response to the Application has been timely filed by any party. Due to the failure of any party to file a timely written response, the allegations contained in the Application stand unopposed and, therefore, the Court finds that good cause exists for the entry of the following order.

**IT IS THEREFORE ORDERED** that the *Debtors' Application to Approve Settlement of Personal Injury Claim Nunc Pro Tunc* filed by the Debtors herein on November 28, 2016 is hereby **GRANTED** so as to authorize the Debtors to enter into the settlement agreement described in the Application on a nunc pro tunc basis.

**IT IS FURTHER ORDERED** that Michelle M. Betti is hereby directed, to the extent that she has not already done so, to remit the sum of $156,000.00 to Carey D. Ebert, Standing Chapter 13 Trustee, in payment of the estimated remaining base balance owing under the terms of the Debtors' Chapter 13 Plan.

**IT IS FURTHER ORDERED** that Carey D. Ebert, Standing Chapter 13 Trustee herein, shall remit the sum of $2,000.00 to DeMarco·Mitchell, PLLC in payment of attorney's fees and costs associated with the filing of the Application, as soon as practicable following the entry of this Order and the receipt of funds from Ms. Betti.

**IT IS FURTHER ORDERED** that all remaining Settlement Proceeds, as defined in the Application, shall be retained by Ms. Betti in her trust account pending approval of a fee application filed herein in accordance with the provisions of Federal Rule of Bankruptcy Procedure 2016(a) and Local Bankruptcy Rule 2016.

**IT IS FURTHER ORDERED** that the Debtors shall, within thirty days of the date of the entry of this Order, file a motion to modify their current Chapter 13 Plan.  The modified Chapter 13 plan shall provide that such portion of the settlement proceeds as may be necessary to fully repay all general unsecured claims and all administrative expense claims allowed in the case shall be remitted to the Standing Chapter 13 Trustee herein.  After modification of the Plan and final audit, David Alan Husted, Jr. agrees to remit necessary additional funds, if any, to ensure that the balance of the Chapter 13 Plan is paid in full.  The modified Chapter 13 plan shall further provide for the remittance of any and all funds received by the Trustee that are in

excess of the total sum necessary to pay the remaining base balance due and owing under the terms of the Debtors' Chapter 13 Plan to David Alan Husted, Jr. in accordance with the agreement of the Debtors.

**IT IS FURTHER ORDERED** that, since the Application was unopposed by any party, the fourteen (14)-day stay period otherwise imposed by Fed.R. Bankr.P. 6004(g) shall not be applicable to this Order.

Signed on 1/4/2017

*Brenda T. Rhoades*  SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE