

EOD
09/27/2019

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DAVID ALLEN HUSTED, JR. and | § | Case No. 11-41903 |
| SALLY IRENE HUSTED, | § | (Chapter 13) |
| | § | |
| Debtors. | § | |

**MEMORANDUM OPINION AND ORDER**
**REGARDING OBJECTION TO TRAVEL EXPENSES**

The case is before the Court on the *Application for Allowance of Compensation and Reimbursement of Expenses* (the "**Application**") filed by Michelle M. Betti ("**Betti**" or the "**Applicant**"). David Alan Husted, Jr. ("**Husted**") objected to the Application. The only issue remaining for the Court to decide is Betti's request for $17,357.77 in travel expenses. The Court exercises its core jurisdiction over this matter, *see* 28 U.S.C. §§ 157(b) and 1334, and makes the following findings of fact and conclusions of law.

**BACKGROUND**

The debtors filed a petition for relief under chapter 13 of the Bankruptcy Code on June 20, 2011. The Court entered an order confirming their proposed plan of reorganization on September 12, 2011. In or around 2014, however, Husted discovered that Hawaii had recently enacted a law providing him with a two-year window to sue to recover for certain injuries he had sustained as a child as a result of sexual abuse by a priest during a trip to Hawaii.

On June 13, 2014, the debtors filed an application with this Court seeking to retain Betti to represent Husted on a contingent fee basis, plus "reasonable costs," pursuant to 11 U.S.C. §§ 327(a) and 328(a). Although Betti's law practice is in

1

California, she specializes in pursuing claims for the type of injury sustained by Husted. No one objected to the debtors' request to employ Betti. Accordingly, on July 1, 2014, this Court entered an order granting the debtors' application to employ Betti as special litigation counsel for the chapter 13 estate. If Husted prevailed on his claim, the Court's order required Betti to submit a proper application for compensation pursuant to Federal Rule of Bankruptcy Procedure 2016(a) and Local Bankruptcy Rule 2016.

Betti thereafter filed a child sexual abuse lawsuit entitled *David Husted, Jr. v. Roman Catholic Church in the State of Hawaii a.k.a. The Roman Catholic Diocese of Honolulu, et al.*, in the United States District Court for the District of Hawaii, Case No. CV 14-00192 SOM BMK. Betti and her sister, who is also Betti's paralegal, travelled to Hawaii and Texas several times during Betti's representation of Husted. Husted ultimately agreed to settle his claim for $1,525,000.

Betti filed her Application seeking compensation on July 17, 2017, and Husted objected. The Court conducted an evidentiary hearing on July 30, 2018. At the end of the hearing, the Court awarded Betti $610,000 as her contingent fee and $171,839.24 in reasonable expenses for a total award of $781,839.24. However, the Court granted Betti additional time to provide the Court, counsel for the standing chapter 13 trustee, and Husted's counsel with documentation supporting five individual line entries in the Application (the "**Travel Expenses**"). The entries appeared to detail expenses relating to Betti's trips to Hawaii and Texas, but Betti failed to produce evidence to support her claimed expenses at the July 30, 2018 hearing.

On August 6, 2018, Betti filed 43 pages of heavily redacted copies of receipts and other documents. Husted and the standing chapter 13 trustee objected, arguing that the

documents failed to support the requested Travel Expenses. Betti filed an *Application/Reply Brief in Support of Betti Travel Expenses* in support of her request for $16,984.41 in Travel Expenses on October 9, 2018, which explained the receipts and other documents, and an amended *Application/Reply Brief in Support of Betti Travel Expenses* on December 5, 2018, which increased the requested amount to $17,357.77.

The requested expenses relate to two trips to Hawaii and two trips to Texas by Betti and her sister. Betti states in her brief that she and her sister investigated Husted's claim of abuse and established Hawaii's jurisdiction over his claim by visiting several churches and attempting to interview possible witnesses during their first trip to Hawaii. She and her sister also attended a hearing on a motion to revoke Betti's pro hac vice admission to the district court in Hawaii during their first trip. She and her sister made a second trip to Hawaii to attend mediation sessions as well as one trip to Texas for depositions and another trip to Texas for additional mediation sessions.

Betti represented at least one other claimant during her trips to Hawaii, and her brief refers to Husted's "pro rata" share of certain expenses. According to her brief, as amended, Betti is seeking reimbursement from Husted for the following expenses:

- Notarization of Betti's motion seeking this Court's approval of her employment for a total requested cost of $375;
- Five days in Hawaii in January 2015 in connection with a motion to revoke Betti's pro hac vice application for a total requested cost of $6,304.68;
- Eight days in Texas in August 2015 for depositions for a total requested cost of $2,768.03;

3

- Eight days in Hawaii in January 2016 for two mediation sessions for a total requested cost of $3,337.93; and

- Three days in Texas in April 2016 for a mediation for a total requested cost of $4,915.89.

The Court continued its hearing on Betti's request for her Travel Expenses several times. Betti ultimately elected not to appear for the continued hearing. She also elected not to file an affidavit or any evidence supporting her Travel Expenses (other than the receipts and other documents she filed with the Court). At the end of an evidentiary hearing on February 15, 2019, which Betti attended telephonically, the Court took the matter under advisement.

## DISCUSSION

This Court authorized Betti's employment under the authority of §§ 327(a) and 328(a). Section 327(a) provides that a debtor, with the Court's approval, may employ professional persons to assist the trustee in carrying out the trustee's duties. Section 328(a) allows a debtor to employ a professional person under § 327(a) "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Once the bankruptcy court has approved a rate or means of payment, such as a contingent fee, the court cannot, on the submission of the final fee application, instead approve a "reasonable" fee under § 330(a), unless the bankruptcy court finds that the original arrangement was improvident due to unanticipated circumstances as required by § 328(a). *In re Texas Sec., Inc.*, 218 F.3d 443, 445 (5th Cir. 2000) (citing *Matter of National*

*Gypsum Co. v. Donaldson Lufkin & Jenrette Securities Corp.,* 123 F.3d 861, 862 (5th Cir. 1997)).

Bankruptcy Rule 2016(a) applies to professionals who are retained pursuant to pre-approved contingency fee agreements. *See, e.g., In re Lee*, 495 B.R. 107, 115 (Bankr. D. Mass. 2013); *In re Lenworth Westbrooks,* 202 B.R. 520, 522 (Bankr. N.D. Ala. 1996). Bankruptcy Rule 2016 requires that an entity seeking compensation for services and reimbursement of expenses file an application disclosing the services rendered, time expended, expenses incurred, and the amounts requested. The applicant bears the burden of proof as to the reasonableness and necessity of fees and expenses. *See, e.g., In re* Eckert, 414 B.R. 404, 414–15 (Bankr. N.D. Ill. 2009); *In re Four Star Terminals, Inc.*, 42 B.R. 419, 437 (Bankr. D. Alaska 1984). Whether claimed expenses are "actual and necessary" has been left to the discretion of the bankruptcy courts. *See In re Wyche*, 425 B.R. 779 (Bankr. E.D. Va. 2010).

Here, the Court approved Betti's retention on a contingent fee basis. Husted obtained a large settlement. Betti subsequently filed an application for her contingent fee and expenses, and the Court previously awarded Betti her contingent fee and most of her requested expenses. The only issue remaining for the Court to decide is whether Betti's Travel Expenses are reasonable costs permitted by her retainer agreement with Husted and Bankruptcy Rule 2016.

Paragraph 3 of the retainer agreement executed by Husted and Betti provided in pertinent part:

> Legal Costs. The costs in the Lawsuit shall be advanced by the Law Offices, and shall be reimbursed to the Law Offices out of any recovery in the Lawsuit, whether by settlement, judgment, or otherwise. Costs shall include, but are not limited to, costs fixed by law, telephone calls,

5

>  messenger and other delivery fees, postage and photocopying expenses, parking and investigation expenses, filing costs, consultants' fees, travel and lodging related costs, reporters' fees, process servers' fees, depositions costs, expert witness fees, Westlaw or other computer-assisted legal research time charges, costs of exhibits, local counsel fees at a rate of $100.00 per hour and similar items.

With respect to her first trip to Hawaii, Betti requests the total amount of $6,304.68, which includes $2,447.37 for the Sheraton Maui Resort and $717.17 for food purchased at the hotel. The one-page, redacted receipts for the hotel and hotel food lack any detail – the Court is relying on Betti's brief for the nature of the charges – and it is impossible to evaluate the reasonableness of the charges without detail. The Court cannot confirm the length of the stay because the dates on the hotel receipt do not appear to match her dates of travel. The Court, therefore, finds and concludes that Betti's claimed expenses for the hotel and hotel food should be reduced by half – specifically, the hotel expense should be reduced by $1,218.27 and the expense for hotel food should be reduced by $358.59.

In addition, some of the receipts for cabs and other expenses Betti claims to have incurred during the trip are so heavily redacted that the only information on the receipt is the amount of the bill. The Court cannot review the reasonableness of the receipts or confirm Betti's description of the nature of the charges without detail. The total amount of blank receipts relating to Betti's first trip to Hawaii is $419 according to the Court's review. The Court finds and concludes that Betti is not entitled to reimbursement for expenses supported by substantially blank receipts.

Betti's second trip to Hawaii and her second trip to Texas were for mediation sessions. Betti did not adequately explain why she brought her sister to the mediation sessions or why her sister's paralegal services might have benefitted Husted during those

6

sessions. The Court, therefore, finds that the airfare for each of these trips should be cut in half – specifically, the airfare for the second trip to Hawaii should be reduced by $549 and the airfare for the second trip to Texas should be reduced by $1,307.44. The requested airfare for inter-island travel during the second trip to Hawaii should likewise be cut in half and reduced by $208. In addition, the $132.32 Betti and her sister spent on food during the second trip to Hawaii and the $299.70 they spent on food during the second trip to Texas should be cut in half and reduced by $66.16 and $149.85, respectively. Betti's expenses for "working" dinners with her sister and local counsel, which totaled $380.10 during the second trip to Hawaii and $653.18 during the second trip to Texas, should be reduced by a third ($344.43).[1]

Finally, Betti requests $375 for obtaining a notarization of the employment application filed with this Court. Betti failed to provide any documentation in support of her requested expense for the notarization and, in any event, failed to establish that such an expense was reasonable and benefitted Husted. The Court finds and concludes that Betti's request for reimbursement of her $375 expense relating to notarization of her employment application should be denied.

## CONCLUSION

For all the foregoing reasons, the Court concludes that Betti's Application, as amended, is **GRANTED IN PART** and that Betti is hereby awarded $12,737.03 for her reasonable Travel Expenses.

Signed on 9/27/2019

*Brenda T. Rhoades* MD
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

---

[1] This reduction eliminates the need to individually address Betti's heavy redaction of the food receipts and some of the excessive food expenses, including the amounts Betti, her sister, and local counsel spent at steakhouses during the mediation sessions. As one example, Betti is requesting reimbursement for $436.19 she spent for a "working dinner" with her sister and local counsel at a steakhouse in Houston.